UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLAS C. HEBRARD                                       CIVIL ACTION

VERSUS                                                    NUMBER: 16-10913

WARDEN S.W. McCAIN, ET AL.                                SECTION: "A"(5)

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff, Nicholas C. Hebrard, an inmate confined at the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana, brings this 42 U.S.C. §1983 civil-rights action against Defendants, Warden Sandy W. McCain, Major Tim Crawford, CSM Johnthan Tynes, Sergeant Jeff Rogers, Administrative Assistant Sherryl Seals, and Lieutenant Carol Jordan, all of RCC. (Rec. doc. 1, pp. 1, 4). All Defendants are being sued in their individual capacity. (*Id.* at p. 1). Plaintiff was granted leave to initiate this matter *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915. (Rec. doc. 3).

Plaintiff alleges that on May 24, 2016, "... Sgt. Jeff Rogers allegedly assume[d] I was committing a prison [rule] violation ..." and "wrote him up" on three rules violations, namely, contraband, defiance, and aggravated disobedience. (Rec. doc. 1, p. 6). Plaintiff attaches to his complaint the three Disciplinary Reports ("DR") in question, a copy of which was previously provided to Plaintiff as well. (*Id.* at pp. 12-14). In the first of those reports – that documenting the contraband violation – Sergeant Rogers described the incident in question as follows:

> On the above date and time I Sgt Jeff Rogers observed offender Nicholas Hebrard #493255 sitting on his bed taking a white powdery substance off a book sitting on the table with a piece of his ID card and placing it into his mouth. Lt Tullos notified.

(*Id.* at p. 12).

In the second DR, the defiance violation was described by Sergeant Rogers in the following fashion:

> On the above date and time I Sgt Jeff Rogers observed offender Nicholas Hebrard #493255 sitting on his bed taking a white powdery substance off of a book sitting on the table with a piece of his ID card and placing the substance into his mouth in an attempt to destroy evidence. I started issuing offender Hebrard several loud clear direct verbal orders for him to cease his actions. Offender Hebrard refused and then stood up and licked the book clean walked to the sink and drank some water, effectively destroying all evidence. A DVR request was submitted for Sleet 3L Cell 10/11 camera between the times of 1:30 PM – 1:40 PM Maj. Williams notified.

(*Id.* at p. 13).

Finally, the aggravated disobedience violation was described by Sergeant Rogers in the third DR as follows:

> On the above date and time I Sgt Jeff Rogers approached offender Nicholas Hebrard's #493255 assigned cell and gave him a direct verbal order to come to the bars to be restrained for a shakedown. Offender Hebrard refused to come to the bars. I gave him another loud clear direct verbal order to come to the bars and be restrained and offender Hebrard refused again. I then summoned for Lt Tullos. Once Lt Tullos arrived at the scene offender Hebrard complied and was properly restrained, removed from the cell and the shakedown was conducted with no contraband being found. Maj Williams notified.

(*Id.* at p. 14).

Three days following the incidents of May 24, 2016, Plaintiff states that he appeared before a Disciplinary Board that was composed of Major Crawford and Administrative Assistant Seals. (*Id.* at p. 6). At that outset of that proceeding, Plaintiff admits that "… the Disciplinary [H]hearing Officer explain[ed] to … [him his] procedural rights …" and inquired as to whether he desired the assistance of inmate counsel. (*Id.*). Upon Plaintiff's affirmative

2

answer to that query, inmate counsel was appointed to assist him. (*Id.*). Major Crawford then read aloud the first DR, to which Plaintiff pled "not guilty with a statement," and his attending inmate counsel argued that no physical evidence or even photographs of contraband had been admitted into evidence. (*Id.*). After deliberating on the matter, the Disciplinary Board found Plaintiff guilty on the basis of Sergeant Rogers' DR, imposing sanctions for the contraband violation. (*Id.* at pp. 6-7).

Thereafter, Plaintiff was read the contents of the second Disciplinary Report, to which he proceeded to plead "not guilty," again providing a supporting statement. (*Id.* at p. 7). For his part, Plaintiff's inmate counsel argued that the conduct charged in the second DR did not constitute defiance as that term is defined by the applicable adult offender regulations and that the charge should be amended to aggravated disobedience. (*Id.*). Following further deliberations, the Board declined to amend the charged violation and adjudicated Plaintiff guilty of defiance, imposing additional sanctions. (*Id.*). Plaintiff subsequently pled guilty to the violation set forth in the third DR and was found guilty of aggravated disobedience and was sanctioned accordingly. (*Id.*). As a result of the three prison rule violations, Plaintiff states that he received restrictions on "yard call" exercise, phone use, contact visitations, and access to "proper [h]ygienes" which the Court interprets as commissary access. (*Id.* at p. 8). Plaintiff argues that the actions that he was subjected to were not authorized by the regulations of the Department of Public Safety and Corrections, that he was not properly and fairly afforded equal treatment, and that the disciplinary proceedings otherwise violated his due-process rights. (*Id.*). For these purported violations, Plaintiff seeks compensatory and punitive damages, a transfer to a different jail facility, expungement of the adverse disciplinary adjudications, and the recovery of other incidental expenses. (*Id.* at p. 5).

3

As noted earlier, Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

At the outset, the Court notes that although Plaintiff has named six separate RCC officials as Defendants to this suit, his complaint mentions the actions of only three of them, those being Sergeant Rogers, Major Crawford, and Administrative Assistant Seals. Despite naming them as Defendants, no mention whatsoever is made by Plaintiff of Warden McCain, CSM Tynes, or Lieutenant Jordan in the body of his complaint. Presumably, Warden McCain may have been named as a Defendant herein because he may have rejected Plaintiff's attempt to grieve his disciplinary convictions through RCC's Administrative Remedy Procedure. (Rec. doc. 1, p. 10). Inasmuch as inmates have no constitutional right to an adequate and effective grievance procedure or to have their complaints investigated and resolved to their satisfaction, even if Warden McCain was named as a Defendant because of his involvement in that process, no constitutional violation is apparent. *Propes v. Mays*, 169 Fed.Appx. 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Tyson v. Tanner*, No. 08-CV-4599, 2009 WL 2883056 at *5 (E.D. La. Aug. 25, 2009). And because the concept of *respondeat superior* is inapplicable to §1983 proceedings, there is no basis upon which to hold the Warden liable simply by virtue of the supervisory position that

4

he holds. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985); *Lozano v. Smith*, 719 F.2d 756, 768 (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981). Indeed, in the absence of any allegations describing personal involvement on the part of Warden McCain, CSM Tynes, or Lieutenant Jordan, no claims against them in their individual capacity lie here. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)(personal involvement is an essential element of a civil rights cause of action).

The foregoing notwithstanding, the law is clear that because prison disciplinary proceedings are not part of a criminal prosecution, the full panoply of rights due a defendant in such a prosecution do not apply. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975 (1974). The failure of jail officials to comply with their own regulations in prison disciplinary proceedings does not state a claim of constitutional magnitude. *Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009); *Marino v. Schult*, No. 11-CV-1904, 2012 WL 2133630 at *3 (W.D. La. Apr. 16, 2012), *adopted*, 2012 WL 2126944 (W.D. La. June 12, 2012)(citing *Arceneaux v. Young*, 369 Fed.Appx. 620 (5th Cir. 2010)). Even where a prison disciplinary proceeding may result in the loss of a good time credits, due process requires only: 1) advance written notice of the disciplinary charge; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in the inmate's defense; and, 3) a written statement by the factfinder of the evidence relied upon and the reason for the disciplinary action. *Wolff*, 418 U.S. at 563-67, 94 S.Ct. at 2978-80. *See also Superintendent, Mass. Corr. Inst, Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773 (1985). These requirements are flexible, however, and must necessarily be balanced against the legitimate penological interests of the facility where the inmate is housed. *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Federal courts are ill-equipped to retry

every prison disciplinary dispute and may act only where arbitrary or capricious action is shown. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). In the context of prison disciplinary proceedings, due process "… requires only that there be <u>some</u> evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 454, 105 S.Ct. at 2773 (emphasis added). "The goal of this standard – variously [described as] a 'modicum of evidence,' 'any evidence,' or 'some evidence' – is to balance the need to prevent [the] arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and [to] avoid administrative burdens." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001)(quoting *Hill*, 472 U.S. at 455, 105 S.Ct. at 2773-74). The Fifth Circuit has held that the DR of a witnessing correctional official, standing alone, satisfies the highly deferential "some evidence" standard. *Hudson*, 242 F.3d at 536-37; *Reed v. Stephens*, No. 13-CV-0993, 2014 WL 542839 at *5 (S.D. Tex. Feb. 10, 2014). *See also Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004).

Like the Petitioner in *Reed*, 2014 WL 542839 at *4, Plaintiff does not complain that he received insufficient notice of the disciplinary charges against him or that he was denied a written statement of the reason(s) for his disciplinary convictions. In his complaint, Plaintiff acknowledges that there was a three-day lag between the three rules infractions and the prison disciplinary proceedings in question, at the start of which he readily admits that he was explained his procedural rights and was offered the assistance of inmate counsel, an offer that he willingly availed himself of. With respect to the contraband and defiance charges, Plaintiff also admits that he was afforded an opportunity to make statements in defense of those accusations and his attending inmate counsel challenged the sufficiency of the evidence related to the former charge and argued that the elements of the latter charge

6

as defined by the Department of Corrections' regulations had not been established. As noted earlier, prison officials' failure to abide by their own regulations does not amount to a constitutional violation. *Samford*, 562 F.3d at 681. The Court's task here is not to weigh the evidence admitted at Plaintiff's prison disciplinary proceedings but only to determine whether the findings of guilt have the "support of 'some facts' or 'any evidence at all.'" *Hudson*, 242 F.3d at 537. The DR's that were completed by Sergeant Rogers and presented at the disciplinary hearing clearly satisfy that extremely deferential standard. *Id.*; *Richards*, 394 F.3d at 294.

Moreover, Plaintiff does not complain that he lost any good time credits as a result of the disciplinary adjudications in question, only restrictions on exercise, phone use, contact visitation, and access to the prison canteen. Sanctions of this nature, "which are 'merely changes in the conditions of [an inmate's] confinement,' due not implicate due process concerns" as they do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Richard v. Quarterman*, No. 07-CV-2893, 2007 WL 2688442 at *2 (S.D. Tex. Sept. 10, 2007)(quoting *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)). Finally, without a prior showing of a physical injury, Plaintiff's request for compensatory damages is not viable here. 42 U.S.C. §1997e(e); *Richard v. Cupp*, No. 08-CV-1544, 2009 WL 840218 at *6 (W.D La. Mar. 25, 2009).

## **RECOMMENDATIONS**

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

    New Orleans, Louisiana, this __5th__ day of _____July_____, 2016.

                                                           _____
                                                           MICHAEL B. NORTH
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.